IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nathaniel Ferguson, | ) | CASE NO. 1:17 CV 1752 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| Public Defenders Office, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Nathaniel Ferguson, a prisoner in the Cuyahoga County Jail, has filed a "civil lawsuit" alleging "civil rights violations and legal malpractice" against the City of Cleveland, the City of Cleveland Public Defenders Office, and Public Defenders Patti London and Jeff Gardner. (Doc. No. 1.) He alleges the defendants have "violated his right to represent [him]self [and] to a speedy trial and committed leg[a]l malpractice" in connection with a criminal case against him in the Cuyahoga County Court of Common Pleas. *See State of Ohio v. Nathaniel Ferguson*, CR-17-619691-A (Cuyahoga Cty. Ct. of Comm. Pleas). He seeks monetary relief "in the amount of 1 point 5 million dollars." (Doc. No. 1 at 1.)

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, federal district courts are expressly required, under 28 U.S.C. §1915A, to screen all actions in which a prisoner seeks redress from governmental entities, or

officers or employees of governmental entities, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Upon review, the Court finds this action must be dismissed under § 1915A because, even liberally construed, the complaint fails to state a plausible claim on which relief may be granted under § 1983.

First, the docket in the plaintiff's state criminal case, of which this Court may take judicial notice, indicates that the plaintiff has entered a guilty plea in connection with the state criminal charges against him. "[A]n unconditional guilty plea constitutes a waiver of all pre-plea, non-jurisdictional constitutional deprivations," and "[s]peedy trial and pre-arraignment delay claims are non-jurisdictional issues which are waived by an unconditional plea." *Koresjza v. Harry*, No. 14-11716, 2016 WL 4363009, at *6-7 ((E.D. Mich. Aug. 16, 2016), citing *Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003) (speedy trial claim is not jurisdictional).

Further, in any case, the public defenders appointed to represent the plaintiff in his criminal case cannot be sued for damages under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). In addition, the complaint does not set forth allegations plausibly suggesting the City of Cleveland may be held liable for any constitutional deprivation under § 1983. *See, e.g., Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (a municipal defendant cannot be held liable under § 1983 unless the plaintiff can establish that an officially executed policy or custom

of the municipality itself leads to or causes a constitutional deprivation).

## Conclusion

There being no plausible federal claim in the case, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2017